UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WINDEKNECHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-0597-MTS |
| | ) |
| DR. JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Larry Windeknecht's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Plaintiff is a frequent filer in this Court. *See, e.g.*, 1:24-cv-0044-ACL, 4:24-cv-0373-MTS, 4:25-cv-0284-AGF. Both in this matter and in the many others he has filed, someone is paying a significant amount of postage to regularly send documents to the Court. *See, e.g.*, Doc. [1-7]. Yet Plaintiff consistently declares under penalty of perjury that he has no wages, no money of any kind, and has not received *any* income—including gifts—in the last twelve (12) months.

In short, the Court doubts the veracity of some of Plaintiff's statements made under penalty of perjury in his Application. For this reason, the Court will require Plaintiff to submit a certified copy of his trust fund account statement (or institutional equivalent) at Fulton State Hospital no later than November 14, 2025. While the Court recognizes that Plaintiff does not appear to be a "prisoner" within the meaning of the Prison Litigation Reform Act, *see Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (litigant that "appear[ed] to be civilly committed" was "not a prisoner within the meaning of the [Prison Litigation Reform Act]"); *accord Jones v. Cuomo*, 2 F.4th 22, 24 (2d Cir. 2021), the

Court "may consider evidence of a plaintiff's financial status when examining the truthfulness of an application to proceed *in forma pauperis*," *Kirkland v. Donahoe*, 1:11-cv-0048-KLL, 2012 WL 2360862, at *2 n.3 (S.D. Ohio June 20, 2012) (citing *Speiser v. U.S. Bank*, 3:10-cv-0098-TAV, 2011 WL 42232, at *4–5 (E.D. Tenn. Jan. 6, 2011)).  *Cf.* 28 U.S.C. § 1915(e)(2)(A) (requiring that a court dismiss a case "if the court determines that" the plaintiff's "allegation of poverty is untrue").

If Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.  *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders."); *see also Spallone v. United States*, 493 U.S. 265, 276 (1990) (discussing "the axiom that courts have inherent power to enforce compliance with their lawful orders" (internal quotations omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **November 14, 2025**, Plaintiff must submit a certified copy of his trust fund account statement (or institutional equivalent) at Fulton State Hospital.  If Plaintiff fails to do so, the Court will dismiss this action without prejudice and without further notice.

Dated this 15th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE