UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WINDEKNECHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:25-cv-0597-MTS |
| | ) |
| DR. JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Larry Windeknecht is a frequent filer in this Court and consistently seeks to proceed *in forma pauperis*. *See, e.g.*, 1:24-cv-0044-MTS; 4:24-cv-0373-MTS; 4:25-cv-0284-AGF; 4:25-cv-1018-ZMB; 4:25-cv-1183-JAR. *See also* 28 U.S.C. § 1915(a)(1). In his Application to Proceed in District Court Without Prepaying Fees or Costs in this case, just like in the applications he has filed in his other cases, Plaintiff declared under penalty of perjury that he has no wages, no money, and has received no income of any kind—including any gifts—in the last twelve months. Doc. [2]. Despite these declarations, he somehow acquires a significant amount of postage that he uses to regularly mail documents to the Court. Because of the obvious inconsistency between spending money and simultaneously claiming one has no money (and has received no money whatsoever from any source for over twelve months), the Court ordered Plaintiff to submit a copy of his trust fund account statement or institutional equivalent at Fulton State Hospital where he is committed as a sexually violent predator. *See* Doc. [5] (2025 WL 2926196).

Plaintiff responded that he "has no earthly intentions of providing or submitting" the account statement as the Court ordered, and that he is "not pleased" to have the contradiction

between reality and his representations pointed out to him. *See* Doc. [6] at 1–2. Plaintiff also discusses at length in his response the Prison Litigation Reform Act. As the Court already explained to Plaintiff, though, the Court recognizes that he is not a "prisoner" within the meaning of the PLRA since he is *civilly* committed as a sexually violent predator. *See* Doc. [5] (citing *Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam)); *see also* Mo. Rev. Stat. § 632.495 (providing that a person found to be a sexually violent predator "shall be committed to the custody of the director of the department of mental health for control, care and treatment"). But whether a plaintiff is a prisoner or not, the Court "may consider evidence of a plaintiff's financial status when examining the truthfulness of an application to proceed *in forma pauperis*." *See Kirkland v. Donahoe*, 1:11-cv-0048-KLL, 2012 WL 2360862, at *2 n.3 (S.D. Ohio June 20, 2012) (citing *Speiser v. U.S. Bank*, 3:10-cv-0098-TAV, 2011 WL 42232, at *4–5 (E.D. Tenn. Jan. 6, 2011)); *accord Olteanu v. Schneider*, 2:23-cv-2006-RFB-NJK, 2025 WL 1880283, at *3 (D. Nev. May 6, 2025) ("Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition.").

Indeed, the statute that governs proceeding *in forma pauperis* contemplates as much. *See* 28 U.S.C. § 1915(e)(2)(A) (requiring that a court dismiss a case "if the court determines that" the plaintiff's "allegation of poverty is untrue"). And a district court, of course, has the authority to require parties to prove they are entitled to relief before it rules on a motion. *Cf.* Fed. R. Civ. P. 43(c). It is nonsense to think that a district court is somehow hamstrung and must grant a litigant *in forma pauperis* status when the litigant appears to misrepresent his finances in his declaration to the court. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (finding it was within the district court's discretion to make a

factual inquiry into a litigant's poverty and to deny the motion when the litigant was unwilling to verify his poverty); *cf.* Andrew Hammond, *Pleading Poverty in Federal Court*, 128 Yale L.J. 1478, 1495 (2019) (recognizing that "the federal IFP statute and Rule 83 afford federal judges broad discretion in determining whether a litigant can proceed in forma pauperis"). After all, proceeding *in forma pauperis* in a civil matter is a privilege, not a right. *See Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987); *accord Allen v. Briggs*, 331 F. App'x 603, 604 (10th Cir. 2009) (Gorsuch, J.); *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The Court warned Plaintiff that if he failed to comply with its order then the Court would dismiss this action without prejudice and without further notice. Doc. [5] at 2; *see also Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (noting that dismissal *with* prejudice is an "extreme sanction" and inappropriate where a litigant "accidentally or involuntarily" fails to comply with a court order). But given Plaintiff's contumacious response to the order, the Court will dismiss his action with prejudice. He outright announced that he refused to comply with the order and declared that he "does not care whether this court or this Judge doubts the veracity of the statements." *See* Doc. [6] at 1–2. Besides demonstrating a complete lack of respect for the Court, *see White v. Williams*, 423 F. App'x 645, 647 (7th Cir. 2011) (noting dismissal may be appropriate "when a party has shown a lack of respect for the court"), Plaintiff's response shows his "willful disobedience" of the Court's order, *see Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Indeed, "it is difficult to imagine how a plaintiff can disobey a court order more willfully or in worse faith than when," like here, Plaintiff "ha[d] knowledge of the order and deliberately disobey[ed] it." *Holden v. Simpson Paper Co.*, 48 F. App'x 917 (5th Cir. 2002).

And "it is well settled that [dismissal with prejudice] is appropriate in cases involving willful disobedience of a court order."  *See In re Reid*, 197 F.3d 318, 320 (8th Cir. 1999); *accord Rasidescu v. Globe Coll., Inc.*, 105 F. App'x 121, 123 (8th Cir. 2004) (per curiam) ("Dismissal with prejudice is an extreme sanction, and it is appropriate when a plaintiff willfully or deliberately disobeys a court order.").  Having carefully considered and determined that no other less-severe sanction would adequately address Plaintiff's intentional contumacious conduct and willful disobedience, the Court will enter herewith an Order of Dismissal, dismissing this action with prejudice.[*]

Dated this 7th day of November 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff's refusal to submit his account statement provides further indication that the declarations he made under penalty of perjury in his Application were false.  His refusal strongly suggests that his account statement would show that he lied.  *Cf. Langford v. Norris*, 614 F.3d 445, 462 (8th Cir. 2010) (quoting *Int'l Union, UAW v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) ("Simply stated," the adverse inference rule "provides that when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him.")).  Based on this failure and the blatant inconsistency between Plaintiff's representations and his expenditures, the Court concludes that Plaintiff deliberately misstated his financial condition, which provides another basis for dismissal with prejudice of this case.  *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990); *Donelson v. Tanner*, 768 F. App'x 573, 575 (7th Cir. 2019) (unsigned order) (joined by Barrett, J.).